IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-cr-00363-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GABRIEL LEAL,

        Defendant.

_____

**UNOPPOSED MOTION TO CONTINUE THE MOTIONS DEADLINE, TRIAL PREPARATION CONFERENCE, AND TRIAL DATES**
_____

Gabriel Leal, through his attorney with the Federal Public Defender's Office, Kristin Whitaker, moves to continue the current pretrial motions deadline (September 15, 2023), the trial preparation conference (October 20, 2023), and the trial (October 23-27, 2023) by 60 days. The ends of justice served by this requested continuance outweigh the best interests of the public and the defendant in a speedy trial. This motion is unopposed by the government.

I.    Procedural Posture

1. On August 9, 2023, the government filed a complaint against Mr. Leal, alleging one count of Attempted Coercion or Enticement of a Minor, pursuant to 18 U.S.C. § 2422(b). Doc. 1.

2. On August 11, 2023, the parties appeared before the Court for an initial appearance and counsel was appointed. Doc. 7. The Court set a detention hearing for August 16, 2023, and a preliminary hearing on August 25, 2023. *Id*.

3. On August 16, 2023, this Court held the detention hearing and detained Mr. Leal. Doc. 12.

4. On August 22, 2023, the Court docketed the indictment against Mr. Leal, alleging Count 1, Attempted Coercion or Enticement of a Minor, pursuant to 18 U.S.C. § 2422(b); and Count 2, Transfer of Obscene Materials to a Minor, pursuant to 18 U.S.C. § 1470. Doc. 16.

5. On August 22, 2023, the Court converted the preliminary hearing set for August 25, 2023 to an arraignment and discovery conference. Doc. 18.

6. On August 25, 2023, the Court held the arraignment and a discovery conference. Doc. 19.

7. On August 28, 2023, the Court issued the current deadlines and trial dates. Doc. 21.

8. On September 5, 2023, the United States Attorney's Office filed an unopposed motion for protection order, and it was granted that same day. Docs. 22-23.

9. On September 6, 2023, the U.S. Attorney's Office disclosed its first batch of discovery in the case.

II.  Legal Standard for Continuances

Pursuant to 18 U.S.C. § 3161(h)(7)(A), a Court may exclude time from speedy trial calculations if such delay serves the ends of justice and those ends "out weight the best interest of the public and the defendant in a speedy trial." Applicable factors that the Court should consider in determining whether the requested delay should be granted in this case include:

a. Whether a failure to grant the continuance would result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i);

b. Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence 18 U.S.C. § 3161(h)(7)(B)(iv); and

2

> c. The diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; inconvenience to the opposing party, its witnesses, and the Court; and the need for the continuance and the prejudice the defendant might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468 (10th Cir. 1987).

The decision to grant an "ends of justice" continuance is within the discretion of the Court and is reviewed under an abuse of discretion standard. *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). "[A]dequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "[s]ubsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 559 U.S. 196, 213-14 (2010), quoting *Zedner v. United States*, 547 U.S. 489, 498 (2006).

III.   Argument

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. Leal requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. Leal and undersigned counsel require at least an additional 60 days to review the discovery materials together, conduct necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial

motions, and fully discuss both the likelihood of success or failure at trial and the sentencing range he would face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government.

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial timeframe.  More time is essential to guarantee his right to effective representation.  Undersigned counsel believes the requested extension would serve the requested purpose and allow for a complete and thorough defense investigation as well as the necessary time for plea negotiation and preparation for motions and trial.  The present request is the first request for additional time under the Speedy Trial Act by any defendant in this case.

Undersigned counsel has begun to review the recently provided discovery in the case. Upon completion, she will then need to meet, review, and discuss the discovery with Mr. Leal. Undersigned counsel must also research any related legal issues and perform the necessary investigation to resolve any outstanding concerns.  In addition, Mr. Leal has a related matter in state court that must be considered.

Neither Mr. Leal, nor the government object to the requested continuance.  The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

IV.	Conclusion

For the reasons stated above, undersigned counsel requests that the Court extend the motion's deadline, trial preparation conference, and trial date by approximately 60 days, pursuant to the satisfied criteria in 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Kristin Whitaker*
KRISTIN WHITAKER
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kristin_Whitaker@fd.org
Attorney for Defendant

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I electronically filed the foregoing

**UNOPPOSED MOTION TO CONTINUE THE MOTIONS DEADLINE, TRIAL PREPARATION CONFERENCE, AND TRIAL DATE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Andrea Surratt, Assistant U.S. Attorney
    Email:  andrea.surratt@usdoj.gov

and I will serve the document or paper to the following non-CM/ECF participant in the manner indicated:

    Gabriel Leal (*held on file*)

    *s/ Kristin Whitaker*
    KRISTIN WHITAKER
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  Kristin_Whitaker@fd.org
    Attorney for Defendant