**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 23-cr-00363-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GABRIEL LEAL,

    Defendant.

---

**ORDER GRANTING SECOND UNOPPOSED MOTION TO CONTINUE THE MOTIONS DEADLINE, TRIAL PREPARATION CONFERENCE, AND TRIAL DATES**

---

This matter is before the Court on the Second Unopposed Motion to Continue the Motions Deadline, Trial Preparation Conference, and Trial Dates filed on October 23, 2023 by Defendant Gabriel Leal ("Defendant"). [Doc. 26]. Defendant asks this Court for an order continuing the trial date and related deadlines for 60 days. [*Id.* at 1]. The Court notes that this is Defendant's second requested continuance of the trial. [Doc. 24; Doc. 25].

Defendant's Motion is filed under the Speedy Trial Act of 1974 (the "Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

1

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of

2

such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

This case was initiated on August 9, 2023 by Criminal Complaint. [Doc. 1]. On August 22, 2023, an Indictment was filed charging Defendant with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2442(b) and one count of attempted distribution of obscene materials to a minor in violation of 18 U.S.C. § 1470. [Doc. 16]. Defendant was arraigned on August 25, 2023 and entered a plea of not guilty. [Doc. 19]. This Court subsequently set this case for a five-day jury trial to begin on October 23, 2023. [Doc. 21 at 1]. Thereafter, on September 14, 2023, Defendant requested that the trial be continued 60 days. [Doc. 24]. This Court granted the request, resetting the trial to begin on December 11, 2023, with pretrial motions due October 27, 2023. [Doc. 25 at 5].

Defendant now moves for another 60-day continuance of the trial and related deadlines. *See* [Doc. 26]. In support of this request, defense counsel states that the government has produced additional discovery on four separate occasions since the last requested continuance. [*Id.* at 2]. Counsel states that she and Defendant need at least 60 additional days to review the discovery, conduct any necessary pretrial investigation, research legal issues, prepare pretrial motions, and fully discuss the likelihood of Defendant's success at trial. [*Id.* at 4]. In addition, defense counsel states that she is "considering a possible evidence viewing with the FBI as some of the discovery is not able to be released to counsel." [*Id.* at 4–5]. Counsel asserts that a continuance of the trial

3

date is necessary to ensure that Defendant is afforded effective representation of counsel and to avoid a miscarriage of justice. [*Id.*]. The Government does not oppose the requested continuance. [*Id*. at 5].

The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel. Based on the relevant record considered as a whole, the Court finds that a 60-day continuance is warranted under the Speedy Trial Act, as it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).

Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **ORDERED** that:

(1) The Second Unopposed Motion to Continue the Motions Deadline, Trial Preparation Conference, and Trial Dates [Doc. 26] is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended by 60 days, from January 3, 2024 to March 4, 2024**;

(3) The current trial and Trial Preparation Conference dates are **VACATED**. The **five-day** jury trial is **RESET** for **February 26, 2024**. The Trial Preparation Conference is **RESET** for **February 23, 2024 at 11:00 a.m.**;

4

(4)   All pretrial motions shall be filed on or before **January 12, 2024**, and responses to these motions shall be filed by **January 19, 2024**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_Chambers@cod.uscourts.gov no later than **two business days after the motion is filed** to set such a hearing; and

(5)   The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 21] remain **SET**.

DATED: October 30, 2023              BY THE COURT:

_____
Nina Y. Wang
United States District Judge